## HOLLAND v. CAPITAL TRANSIT CO.
### No. 9949.

United States Court of Appeals
District of Columbia Circuit.

Decided May 22, 1950.

Anna Marie Holland, pro se.

Mr. George D. Horning, Jr., and Frank Roberson, for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PER CURIAM.

On April 21, 1948, the appellant, appearing *in propria persona*, filed a notice of appeal from a judgment rendered on a ver-

dict of a jury awarding her damages against the appellee in the amount of $5,000 on a tort claim. Since that time the only steps the appellant has taken in the prosecution of her appeal have been the filing in the United States District Court for the District of Columbia of 2, and the filing in this court of 17, motions for extension of time in which to file the record, and the filing in both the District Court and this court of a petition, supported by an affidavit, for leave to proceed *in forma pauperis* and for appointment of counsel. The applications for extensions of time in the District Court were granted by that court. The application in the District Court for leave to proceed *in forma pauperis* and for appointment of counsel was denied. To the first 15 applications for extension of time in this court there was no opposition and they were granted. The 16th and 17th, presently under consideration, are opposed.[1]

The grounds on which the extensions have been requested are basically four, one or more of which is found in every motion. The appellant asserts, first, that she has been engaged in litigation in the District Court concerning his fee with the attorney who represented her in that court in the instant case; second, that she has had difficulty getting the record made up because the reporter has been away from time to time and the record contained errors; third, that she has been in ill health; fourth, that she has no money to pay for the record or for the services of an attorney and that she has been unable to retain counsel on a contingent fee basis.

With respect to the first ground, it is sufficient to say that in the appellant's 5th request for an extension filed on January 21, 1949, she stated that the litigation with her attorney below had been continued until the termination of this appeal.

With respect to the second ground, the appellant does not allege that the reporter has been away except for periods of time during the summer vacation, nor does she allege that she has taken any steps to correct errors in the record under Rule 60(a) or Rule 75(h), Federal Rules of Civil Procedure, 28 U.S.C.A., dealing respectively with the correction of clerical mistakes and the correction of omissions or misstatements in the record.

With respect to the third ground, the appellant does not allege that the condition of her health has prevented her from carrying on her usual activities. She is not warranted in treating this appeal as less important that those activities.

It seems clear that all of the foregoing alleged impediments to the filing of the record would be obviated were appellant to employ counsel. This brings us to the fourth ground of her requests for extension to wit, that she is without funds. With respect to this ground, in her 8th motion for extension of time, filed May 2, 1949, the appellant stated that she was "willing for the Court to appoint a skilled attorney to help her." In her 9th motion, filed June 1, 1949, she referred to the possibility of appointment of counsel, but did not request it. In her 10th motion, filed July 5, 1949, she asked for an extension of time to September 6, 1949, "provided it is necessary for her to prepare her own case, or for as much time as the Court deems necessary if it appoints an attorney." The order of July 21, 1949, granting that motion, treating it as containing a request for the appointment of counsel, denied the request upon the ground that there was "no showing that appellant is a pauper." The appellant did not then petition for leave to proceed *in forma pauperis* and for the appointment of counsel. Instead, on September 6, 1949, she filed her 11th motion for extension of time on the ground that the court reporter was absent from the city and that she did not know when he would return. On September 22, 1949, the appellant petitioned the District Court for permission to proceed *in forma pauperis* and for the appointment of counsel, presumably pursuant to 28 U.S.C.A. §

---

1. The dates on which the motions for extension of time were filed in this court are: July 20, September 14, November 12, December 31 of 1948. January 31, March 1, March 31, May 2, June 1, July 5, September 6, October 15, November 15, December 15 of 1949; February 1, March 3, and April 1 of 1950.

1915 (Supp. 1950) providing for *in forma pauperis* proceedings in civil cases. That petition was denied on October 12, 1949. On October 15, 1949, the appellant filed in this court her 12th motion for extension of time in which she stated that her petition of September 22 in the District Court had been denied, that she was "intending to submit a similar petition to this Court within a few days" and therefore requested "that the time within which to file the record on appeal be extended to November 15, 1949, to allow time to dispose of all matters that may arise concerning such petition." On the basis of that statement of intention this court granted that motion for extension.

In her 13th motion for extension of time, filed November 15, 1949, the appellant abandoned her intention to seek to proceed *in forma pauperis*, stating that "she later decided because of the nature of the opposition in the District Court to a previous application to that Court to proceed *in forma pauperis* that it would be practicable to plead her case in this Court," but that she "required a little more time than that for which she had applied." In her 14th motion, of December 15, 1949, the appellant restated an intention to proceed *in forma pauperis*. On February 1, 1950, the appellant asked for a 15th extension of time on the ground that illness had prevented her filing a petition to proceed *in forma pauperis*. An extension was granted to March 3, and on that date the appellant filed her 16th motion for an extension alleging that "completion" of her petition *in forma pauperis* had been delayed "for a brief time" because "certain information contained in the files of the District Court . . . could not be located in the temporary absence of an employee who probably will know where it is. . . ."; upon this ground she asked for an extension of time to and including April 1 in which to file the record. The appellant did not file a petition for leave to proceed *in forma pauperis* within that time. Instead, she asked for and was granted an extension of time until March 18 in which to file a reply to appellee's opposition to her motion for ex-

tension of time in which to file the record. That date has passed but she has still not filed her reply. Instead, on April 1, 1950, she filed her 17th motion for an extension "for such additional time . . . as shall seem necessary and sufficient to this Court after consideration of the aforementioned petition [for leave to proceed in forma pauperis] . . . ." Her petition was filed on April 11, 1950. Opposition was filed April 12, 1950. On April 19, 1950, the appellant filed a motion for an extension of time to April 22, 1950, to reply to the appellee's opposition, and on April 22, 1950, she moved for a further extension of time to April 24, 1950. Her reply was filed April 24, 1950.

■ The foregoing recital alone would justify the denial of the pending motions, the 16th and 17th, for extensions of time within which to file the record. This case has been in this court now for nearly two years, yet it is not any closer to disposition than it was on the day the appeal was filed. The appellant has been apprised for months of the steps which have been open to her, to wit, either to proceed at her own expense or to apply to this court for leave to appeal *in forma pauperis*, but has only now seen fit to elect to take the latter step.

Rules of procedure are designed to help, not hinder, the disposition of cases. Rule 73(g), Federal Rules of Civil Procedure, contemplates the filing of a record within 40 days after the filing of the notice of appeal. It permits the District Court to grant an extension not to exceed an additional 50 days. This provision should be sufficient in all but extraordinary situations. If such situations exist, this court, under its Rule 15(c), may grant further extensions "if good cause be shown." The appellant's situation is extraordinary only in the extent to which the court has been perhaps unduly tolerant of the appellant's *in propria persona* situation.

Nevertheless, in deference to that situation we have considered the appellant's petition for leave to proceed *in forma pauperis* on its merits. Her petition is accompanied by an affidavit as required by 28 U.S.C.A. § 1915 (1948).

■■ Subsection (a) of Section 1915 provides that such affidavit "shall state the nature of the action, defense or appeal . . . " as well as that the petitioner is unable to pay costs or give security therefor. The obvious purpose of this requirement is to enable the court to examine the grounds upon which the action, defense or appeal is based for the purpose of ascertaining whether or not it is of meritorious character—in the case of an appeal where the application for leave to proceed *in forma pauperis* is made by an appellant, whether or not there was probable error in the rulings below. Kinney v. Plymouth Rock Squab Co., 1915, 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Smith v. Johnston, 9 Cir., 1940, 109 F.2d 152, 154. As said in the latter case:

. . . The statute . . . contemplates that leave to proceed in forma pauperis should be denied to any applicant therefor unless there is a showing by the applicant of merit in the appeal he desires to prosecute or defend.

The two cases cited deal with the statute in its original form, but the present form of the statute does not differ materially in any particular relevant to the point now under discussion. Therefore the affidavit, filed in support of an application for leave to proceed *in forma pauperis,* must state the grounds of the prosecution or defense of the action or appeal with sufficient particularity to enable the court to ascertain whether or not it is of meritorious character.

■ All that the appellant states in her affidavit in this respect is as follows:

I was dissatisfied with the amount of the verdict and feel that it was contrary to the evidence and should have been set aside. I also feel that a directed verdict should have been given and that certain evidence was definitely excludable and that other that was rejected should have been included, etc. I also feel that the appellant should recover a substantial amount which was deducted from the amount of the judgment, for depositions introduced in evidence at the trial, upon the basis of an improvident and illegal agreement between the attorneys for the respective parties.

The appellant does not elaborate on this statement in her petition. Rather she recites numerous events which she alleges have happened since the entry of the judgment below. She asserts that they demonstrate her financial inability to prosecute this appeal, excuse her for her delay in filing the record, and defeated her efforts to secure counsel on appeal.

The appellant's statements in her affidavit and in her petition, in so far as they are relevant, are of such broad conclusional character that we are unable from them to determine whether or not her appeal is of meritorious character. Her petition for leave to proceed *in forma pauperis* must therefore be denied. Accordingly, we do not pass upon the sufficiency of the appellant's allegations of poverty.

*Motions for extension of time and petition for leave to proceed in forma pauperis and for assignment of counsel denied.*