**HOLLAND v. ENG.**

**No. 697 Orig.**

Municipal Court of Appeals
District of Columbia.

July 13, 1950.

Anna M. Holland pro se.

Harry Protas, Washington D. C., for respondent.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

Judgment on a doctor's bill was given against petitioner after trial without a jury in the Municipal Court. A motion for new trial having been made and denied, the judgment, in accordance with Municipal Court rules, was entered on the docket of that court on May 26, 1950. On June 26 petitioner filed in this court a request for leave to file notice of appeal without payment of fee. She appeared here in proper person, and was permitted to file her petition without payment of costs.

Petitioner represents that prior to the time she was required to file a notice of appeal she inquired at the office of the clerk of this court as to the essential steps and also how she might proceed without payment of costs. According to her own statement, she was informed that she might write a letter to the clerk of the

---

6. Winkel v. Winkel, supra.

7. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163.

court but that the notice of appeal should be filed with the lower court. She did not write to the clerk of this court until June 23, 1950, when she requested leave to file a notice of appeal without payment of fee.

Petitioner also states to this court that within the time allowed for filing notice of appeal she "presented the executed forms" at the office of the Municipal Court clerk where she was advised to take them to the office of the chief judge of the Municipal Court, and then was in turn directed to the trial judge. According to her statement the trial judge after hearing her and counsel for plaintiff denied her request to file the notice of appeal without prepayment of costs.

■ We have concluded that the petition to this court was filed too late. Our rule 27(a) provides that notice of appeal in civil cases shall be filed with the clerk of the trial court within ten days from the date of the judgment or order appealed from. We have decided on numerous occasions that such time limit is jurisdictional and may not be enlarged or extended either by the trial court or by this court.[1]

The governing statute, Code 1940, Supp. VII, 11—772(b), provides that this court "shall have the power * * * generally to regulate all matters relating to appeals, whether in the court below or in said The Municipal Court of Appeals for the District of Columbia." In accordance with the statute, rule 59 of the Municipal Court provides that appeals to this court shall be governed by the rules of this court as now existing or hereafter modified. This court in its rule 42 provides for various fees and costs on appeal payable in this court and also prescribes a fee of $5 payable in the trial court for filing notice of appeal. The next rule, rule 43, under the heading "Waiver of Fees and Costs", provides that "The clerk shall have full discretionary power to waive the prepayment of fees and

costs, or the payment of costs accruing during the action, upon satisfactory evidence of the inability of the party to pay such costs." We deem it appropriate to add that this broad discretionary power to waive fees and costs upon an informal showing was adopted deliberately after consideration of the more stringent requirements for proceedings *in forma pauperis* in effect in the Federal courts and now contained in 28 U.S.C.A. § 1915. Our purpose was to assure the right of appeal to litigants who might be without funds.

■ It remains true, however, that petitioner has not complied even with our simplified requirements. Instead of following our rule, of which she was advised by the clerk of this court well before the time for appeal had expired, she proceeded to lay the matter first before the clerk of the Municipal Court and then before the trial judge, who denied her motion for filing appeal *in forma pauperis*. It results that she failed to file the notice of appeal within the time set by a rule of this court, which, as we have said before, we are without authority to waive.[2]

Petition denied.

1. Syndicated Construction Corporation v. Ross, D.C.Mun.App., 73 A.2d 899; Beach v. District of Columbia, D.C.Mun. App., 44 A.2d 926.

2. See opinion of the United States Court of Appeals for the District of Columbia Circuit in Holland v. Capital Transit Co., 87 U.S.App.D.C. —, 184 F.2d 686, in which this same petitioner, in another case, was denied extensions of time and for leave to proceed *in forma pauperis* and for assignment of counsel.