Robert MILLER, trading as Millers Pawn-
brokers & Jewelry Exchange, Appellant,

v.

Aaron ISKOVITZ, Appellee.

No. 1592.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 24, 1955.

Decided Feb. 15, 1955.

Everett M. Raffel, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was brought by a landlord for possession of real estate and for money judgment for rent in arrears. On the return day the tenant failed to appear and judgment by default was ordered. On motion of the tenant the default was vacated and the tenant then filed an answer and counterclaim and demanded trial by jury. Landlord answered the counterclaim and moved to strike the jury demand on the ground that it was filed too late. This motion was received by tenant's counsel on July 31st and notified him it would be heard on August 2d. Tenant's counsel did not appear on that day and the motion was granted. No further action was taken by either party until September 18 when landlord's counsel mailed to tenant's counsel copy of a praecipe notifying the Clerk of Court to calendar the case for trial on September 22. Tenant's counsel did not receive the praecipe until September 21. He failed to appear on the 22nd and the case proceeded as if in default, and judgment

was entered for the landlord. On the following day a writ of restitution was issued. Five days later tenant moved to vacate the judgment and to reinstate his demand for trial by jury. The motion was denied and this appeal followed.

■ Tenant's counsel takes the position that, although he received notice on September 21 that the case was calendared for trial on September 22, the notice was so inadequate and in violation of court rules he was under no obligation to appear in court, and it was error for the court to proceed as if in default. Our attention has not been called to any rule of the trial court directly applicable to this situation. Nonjury cases in the Landlord and Tenant Branch of the court are not calendared for trial through the office of the assignment commissioner. Rule 9, § B of the Landlord and Tenant Branch provides that trial shall be had on the return day or at a later date set by the judge. We know as a matter of practice some landlord and tenant cases are "returned to the files" and are thereafter calendared for trial by praecipe filed by one of the parties, as in this case; but we are unaware of any rule of court fixing the notice necessary for calendaring in this manner. Civil Rule 6(d) of the trial court, which is applicable in the Landlord and Tenant Branch, requires three days notice of a hearing on a motion. If a praecipe to calendar for trial can be considered a motion, then the notice given tenant's counsel was clearly inadequate. If Civil Rule 6(d) is not applicable, it may still be argued that a party is entitled to at least as much notice for a hearing on the merits as for a hearing on a motion. We therefore assume that the notice was inadequate and unreasonable.

■ This poses the question whether an attorney who receives notice of proposed action in a pending case—which notice is defective because it fails to give the length of notice required by rule or gives an unreasonably short notice—may ignore such notice, permit the action to proceed unopposed, and then at a later date attack the validity of the action on the ground of the invalidity of the notice. In considering this question we bear in mind, first, that the court had already properly acquired jurisdiction of the parties, and, second, that the attorney had actual notice in sufficient time to have appeared in court. Under these circumstances, we hold that the notice, although invalid, was not an absolute nullity and it was the duty of the attorney receiving it to appear in court and call the attention of the court to its invalidity.

■ We think this is the only reasonable conclusion. Full notice may be waived by the party entitled thereto, and failure to appear after short notice may well lead the court to believe that any defect of notice is waived and the proposed action is unopposed. When counsel receives notice, however defective such notice may be, that action adverse to his client may take place, it is his duty to appear and object to the taking of such action. He is not entitled to permit the action to be taken and then make his objection at some later date.

We are not to be understood as approving the action of counsel who failed to give proper notice to opposing counsel. Such practice is to be condemned, and we are certain that if appellant's counsel had made timely objection, the trial court would have taken appropriate action to protect the client's interest. In the absence of timely objection, we cannot rule that there was an abuse of discretion in refusing relief.

Affirmed.