Anna Marie HOLLAND, Appellant,

v.

CAPITAL TRANSIT COMPANY, a
corporation, Appellee.

No. 1629.

Municipal Court of Appeals for the
District of Columbia.

Argued May 9, 1955.

Decided May 24, 1955.

D. Carroll McGean, Washington, D. C.,
for appellant.

John P. Arness, Washington, D. C., with
whom Francis L. Casey, Jr., Washington,
D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We are asked to review an order of the
trial court refusing to reinstate a case which
had been dismissed for want of prosecution.
The suit charged that plaintiff was injured
because of the sudden stopping of a street
car on which she was a passenger. The
incident allegedly happened more than eight
and a half years ago. Plaintiff filed her
suit in the United States District Court on
October 11, 1950, one day before her claim
would have been barred by limitations. In
that court the pretrial judge, being of the
opinion that the action would not justify
a judgment in excess of $1,000, ordered that
it be certified to the Municipal Court as
authorized by Code 1951, § 11-756. That
order of certification was entered in Feb-
ruary 1953. For a year thereafter plaintiff
did nothing to have the case calendared
for trial in the Municipal Court, and follow-
ing pretrial in that court the pretrial judge
on April 29, 1954, continued the case for
four and a half months because of plaintiff's
illness, setting the trial date for September
15, 1954. The record reveals that the pre-
trial judge took that action with the consent
of counsel for both parties, "with the un-
derstanding that if counsel for plaintiff
finds that she will not be able to attend
personally, her oral deposition will be taken
in time for use at the trial." On September
3 plaintiff's attorneys filed a motion for
leave to withdraw from the case, reciting
that plaintiff had failed to cooperate with
them, and had refused to put up costs for
subpoenas and depositions; they also recited
in an affidavit that plaintiff refused to pay
a $35 medical bill and that in consequence

of such refusal, the physician refused to furnish a medical report. The affidavit stated that plaintiff was able to pay the expense items because ever since 1948 there had been on deposit in the District Court approximately $3,300 which had been paid into the court by the transit company following a verdict in favor of the plaintiff in a prior suit; that plaintiff refused to accept that money because she felt the amount awarded was insufficient; and that she was still hoping to succeed on appeal, despite the fact that review had been denied because of her failure to proceed timely in the United States Court of Appeals.[1] The attorneys were given leave to withdraw and on September 15, 1954, the date set for the trial, plaintiff appeared in the motions branch and made an oral request for continuance. The case was again continued until October 6, and the record recites that plaintiff was "informed that no further continuance would be granted upon the present posture of the case and that it was her firm obligation to retain counsel prior to that date." On October 6 plaintiff did not appear and the case was dismissed for want of prosecution. Although plaintiff learned of the dismissal that same day, she took no step to be relieved of her default or have the case reinstated until January 5, 1955. This was three months, less a day, from the time of dismissal.

█ Present counsel for appellant in contending that the dismissal was improper relies on Municipal Court Rule 40(h) which provides for telephone notice by the assignment commissioner on the day preceding the trial day. The ready and obvious answer is that there was no occasion for the assignment commissioner to give any notice of the trial date, because that date had already been fixed three weeks earlier by the motions judge in open court, in the presence of plaintiff, and plaintiff was told in plainest words that she was expected to proceed with her case on October 6 and that there would be no further continuances.

It is not suggested that notice from the assignment commissioner would have carried greater weight than formal notice by a judge in open court. In the circumstances it is clear that rule 40(h) is of no help to appellant.

█ Appellant raises a separate question as to the propriety of the action of the motions judge in limiting plaintiff to a three weeks continuance. Without characterizing plaintiff's conduct of her case, we think that because of what had already taken place in this litigation, a judge would have ample reason to say that there had already been delays aplenty, and it is quite clear that there was no abuse of discretion in drawing a final line and saying that the case must be tried in three weeks.

█ Appellant's motion for reinstatement was filed under Municipal Court Rule 60(b) [which corresponds to F.R.Civ.P.Rule 60 (b), 28 U.S.C.A.]. That rule provides that a motion of this kind "shall be made within a reasonable time" and not more than three months after the judgment or order involved. No explanation has been offered as to why plaintiff waited until the day before the three months' deadline to file her motion, and there is more than a little doubt in our minds whether that was a "reasonable time" for plaintiff to have acted under that rule. And we see no occasion to discuss the merits of her motion at any length. We are satisfied there was no error and no abuse of discretion in any of the rulings made in this case; and specifically, the order of dismissal and the refusal to set aside the dismissal. Generally supporting what we have said are a vast number of cases, including the following recent ones in this court: Dickson v. Marshall, D.C. Mun.App., 111 A.2d 879; Miller v. Iskovitz, D.C.Mun.App., 111 A.2d 621; Gee How Oak Tin Ass'n of District of Columbia v. Potomac Chemicals Corp., D.C.Mun.App., 110 A.2d 86.

Affirmed.

---

1. The proceedings in the earlier case are set out in Holland v. Capital Transit Co., 87 U.S.App.D.C. 48, 184 F.2d 686, in which the court denied certain motions of the plaintiff for extensions of time, and thus terminated her appeal. That opinion was rendered May 22, 1950.