Edward J. ELLIS, Petitioner,

v.

UNITED STATES of America, Respondent.

Edward J. ELLIS, Appellant,

v.

UNITED STATES of America, Appellee.

Misc. No. 743; No. 13511.

United States Court of Appeals District of Columbia Circuit.

Aug. 14, 1957.

Circuit Judge BURGER with whom Circuit Judges PRETTYMAN, MILLER, DANAHER and BASTIAN concur: In its order of November 27, 1957, appointing counsel to represent appellant in Case No. 13,511, this court stated: "If counsel finds it impossible to determine without the aid of the stenographic transcript whether the appeal is frivolous or taken for delay, he shall so advise the Court." This language implies (if it does not affirmatively state) that counsel should determine for the benefit of this court whether the case warranted review. The court order of November 27 cited to counsel's attention several cases, including United States v. Sevilla, 2 Cir., 1949, 174 F.2d 879, which formulated a procedure to be followed by counsel appointed to advise the court whether an appeal should be allowed. The reference to the Sevilla case plainly told counsel that he was also to advise *the court* in this matter.

In the memorandum filed April 10, 1957, counsel related: "The following summarization of evidence is presented in the form which counsel believe is appropriate under the cases cited by this Court in its order appointing counsel herein and under the recent holding of the Supreme Court in Johnson v. United States [1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593] * * *" After making a thorough and detailed statement of the facts, based on interviews with the

trial judge, appellant's trial counsel, the prosecuting attorney, the court reporter, one of the government witnesses, and the defendant, counsel stated there was only one "possible" area of error; this was the ruling, made on three different occasions by two judges, that probable cause existed to make the arrest. However, on the basis of the information available to the police at the time of the arrest, *i. e.*, the description of the culprit, the *modus operandi* of the crimes committed in that neighborhood, the similarity of appellant's physical appearance to their description, and the actions of appellant which aroused the officers' suspicions, counsel concluded there was not such merit even in this aspect of the appeal as to warrant further prosecution of the appeal. In effect, then, whatever language may have been used elsewhere in the memorandum, court-appointed counsel advised this court *that no substantial question existed in this case.*[1]

The dissenting statement recognizes that counsel appointed by the court to represent indigent defendants who wish to appeal their convictions owe an obligation to the court as well as to their clients. The court order appointing counsel in this case reflects this concept. The adequacy of counsel's representation of a prisoner cannot be measured in these cases by a test of whether counsel, after diligent search, has found a substantial question which warrants review by this court. Not every application for leave to file an appeal in forma pauperis is meritorious and taken in good faith; many are utterly baseless.

This court appointed as counsel for appellant two lawyers, one of whom was formerly employed on the staff of this court and both of whom served as Assistant United States Attorneys in this jurisdiction. Their joint memorandum indicates that they pursued their task with diligence and performed their designated function of representing appellant and advising the court "under the cases cited by this Court in its order * * * and under the recent holding of the Supreme Court in Johnson v. United States * * *" There is no evidence whatever that they failed to give appellant adequate representation while discharging their obligation to the court. Indeed, the summarization of their efforts shows they represented appellant with vigor and competence. Since we agree with the conclusion of court-appointed counsel that this petition for leave to appeal is lacking in merit, it is immaterial whether we treat counsel's memorandum as a request for leave to withdraw, a report to the court, a statement in behalf of appellant, or a combination thereof.

The dissenting memorandum suggests that "If the court agrees with that appraisal [of court-appointed counsel], finding that counsel has done all that honestly can be done, no doubt the petition for leave to appeal *in forma pauperis* may be denied." A majority of this court, applying this standard and agreeing with counsel's conclusion, has denied the petition.

WASHINGTON, Circuit Judge, with whom EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges,

---

[1]. On the merits it should be noted that the area where the alleged illegal arrest, search and seizure occurred was under surveillance by several officers because of the epidemic of housebreakings, via entry through doors "jimmied" open during absence of the occupants. Having a description of the suspect, the officers were able to make a tentative identification of the accused when he approached the door near where he was arrested. He was accosted on the spot, and could give no rational explanation why he was at that doorway. Searched on the spot, as he should have been to see if he was armed, the sharply filed screwdriver, of the kind known to have been used in the prior robberies, was found along with a stolen diamond. I cannot join in the intimation that such a search, and the subsequent seizure of the specially filed screwdriver and the diamond, should be regarded as *unreasonable*. We have not yet reached the point where every search of suspected criminals is barred, or that it is limited to searching for weapons.

join, dissenting: Petitioner seeks leave to appeal *in forma pauperis* from convictions in the District Court for housebreaking and larceny carrying sentences of imprisonment totaling 10 to 30 years. Leave so to appeal was denied by the District Court. 28 U.S.C. § 1915. On the basis of petitioner's *pro se* applications to us for leave to appeal *in forma pauperis*, and of respondent's oppositions thereto, we appointed counsel to represent petitioner and to file memoranda in support of his applications. Counsel later filed reports with us stating in substance that they had investigated the cases, that the appeals were without merit, and that the petitions should be denied. The entire court, *sua sponte*, considered the matter, and concluded that leave to appeal *in forma pauperis* should be denied. I must dissent.

Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 551, 1 L.Ed.2d 593, requires that in all cases of this sort we afford the petitioner "the aid of counsel unless he insists on being his own." We appointed counsel in each of these cases "to represent petitioner" and "to file a memorandum in support of the petition." The reports submitted by assigned counsel indicate that they gave much time and thought to their duties. But it is evident that they conceived their role to be that of impartial arbiters rather than advocates in a contested proceeding.[1] I think the decision in Johnson requires more than disinterested advice to the court, grateful as we are for such assistance. It is my understanding that since Johnson we have not appointed counsel in any criminal cases to report to the court as *amici*.

In each instance, we have appointed counsel to represent the accused, and I think our intent has been that such counsel give the accused as adequate representation as he would receive if he were financially able to retain counsel. The obligation of court-appointed counsel runs, of course, to the court as well as to the accused. If counsel, after diligent efforts on behalf of the accused, concludes that the appeal is frivolous, there is no doubt that he is entitled to request leave to withdraw from the case on that ground. If the court agrees with that appraisal, finding that counsel has done all that honestly can be done, no doubt the petition for leave to appeal *in forma pauperis* may be denied. But that is not this case. Here, counsel said that the only possible "area of error" was in the rulings of the District Court that there was probable cause for petitioner's arrest.[2] Counsel then concluded that the rulings of the District Court were not "so clearly erroneous as to constitute probable error." In so concluding, counsel relied on Holland v. Capital Transit Co., 1950, 87 U.S.App.D.C. 48, 51, 184 F.2d 686, 689. This reliance was misplaced. Holland was a civil suit. In criminal cases the rule is as stated in Johnson, supra, which requires that "either the defendant or his assigned counsel must be enabled to show that the grounds for seeking an appeal from the judgment of conviction *are not frivolous* and do not justify the finding that the appeal is not sought in good faith." (Emphasis supplied.)[3]

Though it may not succeed, an appeal is not frivolous if the rulings of the trial court can reasonably be argued to con-

---

1. By disagreeing with counsel's view as to their proper role in such proceedings, I do not mean to be understood as being critical of counsel's conduct. The problems confronting counsel in such matters have not been adequately dealt with by the courts. Misunderstanding is perhaps inevitable. This is one of the reasons why I feel it necessary in this case to state the considerations which I believe should govern counsel's approach to their task.

2. This was important because he was searched at the time of the arrest, and incriminating materials found. This evidence was vital. If the arrest was invalid for lack of probable cause, there would be no question but that the error was prejudicial and would require reversal.

3. The "not frivolous" test was reiterated in Farley v. United States, 1957, 354 U.S. 521, 523, 77 S.Ct. 1371, 1372, 1 L.Ed.2d 1529.

stitute "possible error." Where, as here, there was a fairly arguable question, counsel should have proceeded to present argument—candid, but still designed to present as favorable a showing for petitioner as could honorably be made—to show that the questioned ruling was actually erroneous, leaving the decision of the question to the court. Failure so to present the matter deprived this petitioner of his constitutional right to the effective assistance of counsel. And absent such representation, this court should not decide that petitioner's challenge to the trial court's ruling is frivolous. Petitioner's right to the effective assistance of counsel is not limited to those appeals which he would win without such assistance.

I would not act upon this petition until the prior orders of this court appointing counsel to represent petitioner are complied with either by present or newly-appointed counsel.