No. 20117.

THEODORE C. RUARK v. THE PEOPLE OF THE STATE OF COLORADO.
(402 P.2d 637)

Decided May 24, 1965. Rehearing denied June 21, 1965.

Joseph E. Maker, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to the plaintiff in error as the defendant. The above entitled cause is now before this court for a second time. On June 11, 1962, this court announced its opinion which appears under the caption *Ruark v. People of the State of Colorado,* 150 Colo. 289, 372 P.2d 158, affirming the judgment of the trial court. The defendant appeared pro se in the prosecution of that writ of error.

Thereafter the defendant filed a petition for certiorari in the Supreme Court of the United States, which was denied, 371 U.S. 913. In that petition he raised no question with reference to the failure of the trial court or of this court to provide him with an attorney to prosecute the aforementioned writ of error. Defendant's next move was the filing of a petition for a writ of habeas corpus in the United States District Court for the District of Colorado, which was denied on January 4, 1963, (Civil Action No. 7852). In this petition he raised no

issue concerning the denial of appointment of counsel in appellate proceedings.

On February 4, 1964, a petition for writ of habeas corpus was filed in the district court of Jefferson county, in which the defendant sought a release from imprisonment on the ground that he was denied the services of counsel in the prosecution of his writ of error. This petition was denied. He then presented a petition for a writ of habeas corpus to this court in which he sought release from imprisonment on the ground that he was denied the services of counsel in the presentation of his original writ of error. This petition was denied on February 24, 1964. On petition for writ of certiorari in the Supreme Court of the United States the following order was entered on June 22, 1964:

"PER CURIAM.

"The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the Supreme Court of Colorado for consideration in light of *Douglas v. California*, 372 U. S. 353."

Thereupon this court entered the following order in the habeas corpus proceeding:

"This court, having this day ordered appointment of counsel to represent petitioner and to examine the record made in the action in which the petitioner was convicted and sentenced, and from which sentence he now seeks his freedom on the ground that he was denied counsel on writ of error after specifically requesting the same; and this court having ordered said counsel to take such steps as are necessary to insure adequate representation of the defendant in this court, now determines that the questions presented by the writ of habeas corpus are moot and this court re-instates its former judgment in this case denying the petitioner's application for a writ of habeas corpus.

"BY THE COURT, EN BANC, December 17, 1964."

At the same time, in the above captioned case, which had originally been determined as hereinabove stated, the following order was entered:

"In view of the peculiar circumstances of this action, the trial court is directed to forthwith appoint counsel for the defendant for the purpose of examining the record in this case in order to determine whether any reversible error reviewable by this court occurred during the course of the trial which was not presented to this court on the former writ of error; if such error did occur, counsel should file with this court, within sixty days from his appointment, a brief setting forth such error and his argument in support of his position; and, counsel is further directed to examine the briefs filed by the defendant pro se and the opinion of this court in the former writ of error for the purpose of determining whether the points raised by defendant were adequately presented, and, if in counsel's opinion they were not, to file a brief supplemental to the defendant's pro se brief within sixty days from his appointment. If in appointed counsel's opinion, no additional grounds for error reviewable by this court other than those raised by the defendant in his original writ of error occurred during the trial, and if, in his opinion, the matter was adequately presented to this court, then counsel shall so report to this court within said sixty days from his appointment.

"BY THE COURT, EN BANC, December 17, 1964."

Upon receipt of the foregoing, the trial court appointed Joseph E. Maker as counsel. Pursuant to said appointment, Mr. Maker filed a brief on behalf of the defendant in which he urged reversal of the judgment. The Attorney General then joined issue.

The pertinent facts upon which the defendant was convicted of the crime of aggravated robbery and sentenced to the penitentiary for a term of from ten to twenty years are set forth in *Ruark v. People, supra.*

We will not repeat them here. Suffice it to quote from our original opinion the following:

"* * * The facts related by the witnesses called by the district attorney are not disputed in any way. Defendant offered no witnesses. His guilt was overwhelmingly established."

Counsel, who was appointed pursuant to our order following the mandate from the Supreme Court of the United States, urges that the trial court erred in "submitting the charge of aggravated robbery for consideration by the jury as the evidence did not show, beyond a reasonable doubt, that defendant had the necessary and specific intent, if resisted, to maim, wound or kill." It is also urged that the trial court, "* * * committed prejudicial and reversible error in failing to instruct the jury that the specific intent, if resisted, is a necessary element in the proof of aggravated robbery and must be proven, beyond a reasonable doubt, as any other material fact."

Upon the trial of the defendant, no objection was made to any instruction given which even remotely directed the attention of the trial court to the point last mentioned. No instruction was tendered upon the question of "specific intent." Nothing was contained in the motion for a new trial with regard thereto.

In *Winbern v. People,* 116 Colo. 136, 180 P.2d 516, one of the grounds relied on for reversal was that the trial court "committed error in failing to instruct the jury on another point, although he tendered no instruction covering the subject." This court disposed of that argument with the following statement:

"As to the second point, no instruction was offered and we have held that, 'Mere nondirection in such circumstances is not error.' *Reagan v. People,* 49 Colo. 316, 326, 112 Pac. 785; *Mow v. People,* 31 Colo. 351, 361, 72 Pac. 1069; *Brown v. People,* 20 Colo. 161, 36 Pac. 1040."

Counsel for defendant argues that even though no instruction was tendered upon the trial, covering the

particular point involved in this discussion, and the further fact that it was not mentioned in the motion for a new trial, we should nevertheless reverse the judgment and give consideration to the objection raised by him for the first time in this court. *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952; *Ellis v. People,* 114 Colo. 334, 164 P.2d 733; *Abeyta v. People,* 145 Colo. 173, 358 P.2d 12, are cited in support of the argument. It is true that we may, and sometimes do, consider questions which were not raised in the trial court; however it has not been done except in those cases in which this court has been satisfied that a "seriously prejudicial error was made and that justice requires such consideration." *Reppin v. People,* 95 Colo. 192, 34 P.2d 71; *Ellis v. People, supra.* This is not such a case.

 The argument of counsel is presented under seven separate captions. The first two assignments of error are based upon the proposition that there was insufficient evidence to warrant the submission of the question of aggravated robbery to the jury. We disagree. There is an abundance of facts, together with the inferences which might be drawn therefrom, to justify a finding that the crime was aggravated robbery as that offense was correctly defined by instructions to the jury. The statement of this court in *Peterson v. People,* 133 Colo. 516, 297 P.2d 529 at page 519, is appropriate to the facts of this case:

"The gist of the crime charged is the state of mind of defendant at the time of the alleged assault. This state of mind or intent is usually manifested by circumstances and proof thereof necessarily is by circumstantial evidence, and, of course, such intent is ordinarily inferable from the facts. This is made so because the state of mind of the assailant is concealed within the mind and is not usually, and we might say never, susceptible of direct proof."

The circumstances presented in this case, at the least, presented a jury question. In such case, the finding of

the jury is conclusive before this court. *Jordan v. People,* 151 Colo. 133, 376 P.2d 699 (1962).

Other matters argued by counsel were given due consideration by this court in arriving at the opinion previously announced. There is no merit to the points urged and no good purpose would be served in lengthening this opinion by further discussion. The guilt of the defendant was overwhelmingly established by competent evidence, and no prejudicial error was committed in the trial of the case.

The judgment is affirmed.