Theodore C. **RUARK**, Appellant,

v.

Harry C. **TINSLEY**, Warden, Appellee.

No. 8241.

United States Court of Appeals
Tenth Circuit.

Sept. 2, 1965.

Rehearing Denied Oct. 5, 1965.

See also 10 Cir., 350 F.2d 315.

Clifford E. Jordan, Denver, Colo., for appellant.

Robert C. Miller, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant is presently confined in the Colorado State Penitentiary pursuant to a judgment of conviction and sentence imposed thereupon by the District Court of Jefferson County, Colorado. He seeks release from custody by a writ of habeas corpus.

The record shows that after conviction and sentence, Ruark requested that counsel be appointed for him to perfect an appeal to the Colorado Supreme Court and that such request was denied. He then perfected his appeal pro se and the conviction was affirmed.[1] The United States Supreme Court denied a writ of certiorari.[2] Thereafter, appellant petitioned the sentencing court for a writ of habeas corpus contending therein that his constitutional rights had been violated by the refusal to appoint counsel to represent him on his original appeal from the judgment of conviction, which writ was denied. Appellant then filed a similar petition pro se in the Colorado Supreme Court and the same was denied without appointment of counsel. The United States Supreme Court granted certiorari from this denial and by per curiam dis-

1. Ruark v. People, 150 Colo. 289, 372 P. 2d 158.

2. Ruark v. Colorado, 371 U.S. 913, 83 S. Ct. 262, 9 L.Ed.2d 173.

position[3] stated, in pertinent part, as follows:

"* * * The motion for leave to proceed in forma pauperis and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the Supreme Court of Colorado for consideration in light of Douglas v. [People of State of] California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811."

Upon remand, the Colorado Supreme Court ordered the appointment of counsel by the sentencing court and directed such appointed counsel to examine the trial record to determine if any reversible error occurred during the trial which was not presented on the original writ of error. Such an examination was made by the appointed counsel and he filed a brief with the Colorado Supreme Court urging trial errors. The court then considered such alleged errors and made a determination adverse to Ruark of the questions raised.[4]

Appellant now contends that the mandate of the United States Supreme Court required the Colorado Supreme Court, upon remand, to grant the writ of habeas corpus and release him from custody. We do not agree with this contention.

Douglas v. People of State of California, supra, was the authority cited in the per curiam opinion remanding the case. As we read the Douglas case, it lays down the general rule that an indigent criminal defendant is entitled to counsel in an appeal from a judgment of conviction. After enunciating that principle of law, the Supreme Court remanded the Douglas case "for further proceedings not inconsistent with this opinion." In other words, the case was remanded in order that the California Court could afford Douglas an appellate review with the benefit of counsel. That is exactly what the United States Supreme Court did with Ruark's petition for a writ of habeas corpus and we believe the Colorado

Supreme Court has complied with the mandate. Counsel was appointed to represent Ruark and the matter has now proceeded in a constitutional manner, to the end that Ruark has had an appellate review of his judgment of conviction with the benefit of counsel.

Affirmed.

---

3. Ruark v. Colorado, 378 U.S. 585, 84 S.Ct. 1935, 12 L.Ed.2d 1042.

4. Ruark v. People, 402 P.2d 637.