No. 14,432.

COHEN *v.* THE PEOPLE.
(103 P. [2d] 479)

Decided June 3, 1940.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney general, Mr. REID WILLIAMS, Assistant, for the people.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE defendant, a junk dealer, was charged with, convicted of, and sentenced, for the crime of receiving stolen goods knowing them to have been stolen, to wit, certain copper wire found by the jury to have been of the value of $23.75. Nineteen assignments of error are presented, but in the view we take of the last, which challenges instruction number 14, it is unnecessary to consider any of the others. This instruction was objected to as being misleading, ambiguous, and unintelligible. It is as follows:

"The jury is instructed that where the people rely upon circumstances to secure a conviction in a criminal case, it is not sufficient that the circumstances proved coincide with and render probable the theory of guilt. To warrant a conviction the circumstances proved must not be consistent with innocence within a reasonable doubt. Otherwise, the defendant must be acquitted."

■■ The instruction is in part a quotation from the opinion in the case of *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. The practice of giving excerpts from court opinions as instructions to juries frequently gives rise to difficulties. Opinions are written with the facts and issues of the particular case under consideration in mind. The language used is ordinarily with reference to, and should be construed in the light of, the issues and the facts of the particular case which are then *already determined.* Inaccuracy or lack of clarity in a statement of the law applied to determined facts and to past events is subject to explanation and clarification. In an opinion, the matter of primary importance is that the court shall have had in mind, considered and ap-

plied the correct rule of law. That it shall be stated clearly and accurately in the opinion is desirable, but since future action is not dependent on the accuracy of the statement it is of secondary importance. Instructions to juries, on the contrary, are drawn with the object of stating a general rule of law to guide them in the process of arriving at the true facts from the evidence in the particular case on trial, which facts, when the instructions are given, are then *undetermined*. Bearing in mind these distinctions it is apparent that language used in an opinion pertinent to the issues and the determined facts in that case may be a proper expression of the law as related to those facts and issues, and pertinent to a decision of the case, and yet may not be sufficiently general, clear, or accurate to serve as a satisfactory or full instruction to a jury. The practice of quoting a portion of a judicial opinion in one case as a general statement of the law to guide the jury in determining the facts in another, if indulged in at all, should be with care and discrimination with the object sought to be attained by the instruction clearly in mind. We think the language used in the opinion in the Conferti case, read in connection with the issues and facts of that case, indicates that the court had the correct exclusion of innocence rule, as applied to circumstantial evidence, in mind and was applying it in determining the tenability of the alleged assignments of error; but as an instruction to guide the jury in evaluating circumstantial evidence it is not a clear expression of the exclusion of innocence test as applied to circumstantial evidence when such evidence alone is relied upon for a conviction. If the language of an opinion is subject to more than one construction, one of which is in accordance with the correct rule of law, the other being an incorrect legal statement, the presumption might well be adopted that the former was the one intended. No such presumption can be indulged where a jury of lay-men are to predicate future action in the determination

of guilt on language susceptible of a double meaning. The language of the questioned instruction is open to such construction.

██ The jury was told by instruction number 14 that it is not sufficient that the circumstances established and relied upon to secure a conviction coincide with and render probable the theory of guilt. They were further advised that to warrant a conviction the consistency of the circumstances with innocence must not be *within a reasonable doubt*. Clearly this suggests the correct exclusion test, considered in one way, but it may be so construed that an entirely wrong impression as to what that test is, will be created. Both propositions of this instruction are stated in the negative rather than in the affirmative, which also tends to confusion; furthermore, if the consistency of the circumstances with innocence must not be within a reasonable doubt the jury well may have been led to believe that there is only one other place left for the consistency of the circumstances with innocence to be placed and that is outside of or beyond a reasonable doubt. This is not and never was the law.

The judgment is reversed and the cause remanded, further proceedings, if any, to be in harmony with the views herein expressed.

MR. JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE, and MR. JUSTICE BURKE dissent.