No. 19,371.

HENRY ABEYTA, JR. *v.* PEOPLE.
(358 P. [2d] 12)

Decided December 23, 1960.

Messrs. MELLMAN, MELLMAN AND THORN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

BY writ of error Abeyta seeks reversal of the judgment and conviction against him entered upon a verdict of guilty of a charge of assault in an attempt to commit robbery. As fulcra by which to effect a reversal, he urges two points, neither of which was presented to the trial court in the course of the trial. They were raised for the first time in the motion for new trial, which motion was denied.

It is said that error was committed (1) in giving Instruction Number 13 concerning circumstantial evidence, and (2) in failing to give to the jury a definition of "assault."

Ordinarily, objection should be made to the giving of a bad instruction prior to its submission to the jury. *Kallnbach v. People,* 125 Colo. 144, 242 P. (2d) 222. Where an error is called to the court's attention for the first time in a motion for new trial, the question of whether a new trial should be granted involves the exercise of the court's discretion. A new trial may be granted for fundamental error in giving an instruction, although no objection was made on the trial. *Clayton v. State,* 78 Tex. Cr. 158, 180 S.W. 1089.

The evidence in this case was wholly circumstantial.

The trial court submitted to the jury the following instruction:

"What is meant by circumstantial evidence in criminal cases, is the proof of facts and circumstances connected with or surrounding the commission of the crime charged; and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such proof is sufficient to authorize a jury in finding a verdict of guilty. In order to convict a defendant upon circumstantial evidence, the jury must be satisfied beyond a reasonable doubt of the guilt of the accused, or, in other words, the circumstances proven must not be consistent with the innocence of the defendant within a reasonable doubt."

In the case of *Cohen v. People,* 106 Colo. 245, 103 P. (2d) 479, this court condemned an instruction reading as follows:

"The jury is instructed that where the people rely upon circumstances to secure a conviction in a criminal case, it is not sufficient that the circumstances proved coincide with and render probable the theory of guilt. To warrant a conviction the circumstances proved must not be consistent with innocence within a reasonable doubt. Otherwise, the defendant must be acquitted."

 That portion of the charge, "in other words, the circumstances proven must not be consistent with the innocence of the defendant within a reasonable doubt," obfuscates rather than guides the jury. Even to the trained legal mind its meaning is unclear, and that being so, we will not speculate as to the interpretation given the instruction by the jury.

Proof being wholly circumstantial, the instruction on circumstantial evidence becomes a most important factor in the case. Viewed thus, the language of *Ellis v. People,* 114 Colo. 334, 164 P. (2d) 733, has application:

"It is the duty of the trial court to instruct the jury so plainly and accurately on the law of the case that they may comprehend the principles involved. Under our

practice it is equally the duty of counsel to assist the court by objection to erroneous instructions, and by tender of instructions covering matters omitted by the court, and on failure of counsel therein, error assigned to the giving, or failure to give, pertinent instructions will not be considered on review except where the *error is so serious and fundamental* as to be patently prejudicial, and justice requires such consideration." (Emphasis supplied.)

It cannot be gainsaid that Instruction No. 13 contains fundamental error, resulting in the defendant's failing to receive a fair trial. We believe the trial court should have exercised its discretion in the premises and granted the motion for a new trial.

In view of what we have said we must and do reverse the judgment and remand the cause for a new trial.

Mr. Chief Justice Sutton and Mr. Justice Knauss concur.