No. 20747.

ALEX HERNANDEZ, ETC., *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(396 P.2d 952)

Decided November 16, 1964.     Rehearing denied December 21, 1964.

Caddes and Capra, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey,

Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

Hernandez was found guilty by a jury of the crime of assault with a deadly weapon and was sentenced to the state penitentiary. As grounds for reversal of the judgment, he asserts: 1. That the trial court erred in submitting a verdict to the jury which was inconsistent with the information, it having been brought about by a pen and ink alteration, and 2. That the trial court erred in failing to grant a mistrial after the complaining witness had volunteered a statement about a knife attack perpetrated upon him by the defendant which had occurred a year before the offense charged in the information. We shall discuss the asserted two grounds in the numerical order as set forth above.

### 1. THE CHANGING OF THE VERDICT

The information, in substance, charged that the defendant "* * * did then and there feloniously, unlawfully, wilfully and maliciously make an assault upon Raymond Castro with a deadly weapon, * * * with intent * * * to commit a bodily injury upon the person of said Raymond Castro, no considerable provocation then and there appearing for the said assault, *and* the circumstances thereof then and there showing an abandoned and malignant heart in him, the said Alex Hernandez * * *." (Emphasis supplied.)

Throughout the trial, the shooting affray, upon which the charge was based, was not denied. In addition, it was not disputed that the defendant shot the complaining witness, and that one of the bullets grazed the complaining witness on the side and entered his elbow. The defense was justification, and this defense placed squarely in issue that portion of the charge which reads:

"no considerable provocation then and there appearing for the said assault." The evidence on the matter of provocation and justification was in sharp conflict, but there was testimony, if believed, which indicated that the complainant was the aggressor in a vicious attack in which the defendant was severely knifed and cut. Defendant related that he was sitting at the bar in the Denver Club when Castro and another person named Sanchez accosted him and attacked him. He testified that these two men seized him, threw him to the ground, dragged him outside, and then knifed him. He was stabbed in the right shoulder and right side of the face, and his ear was cut off. Other cuts were made in his clothing, but they did not penetrate his topcoat to touch his body. He further testified that Ray Castro did the knifing, and that it was after this that he pulled out his gun and shot into the concrete. Whereupon, Sanchez ran in one direction and Castro ran back into the club.

At the close of all the evidence, the court gave the jury 14 "stock" instructions. Defendant's counsel did not tender any instructions nor did he object to any of the instructions given. Nevertheless, we note fundamental errors in the record when they appear. *Ellis v. People,* 114 Colo. 334, 164 P.2d 733; *Neilson v. Bowles,* 124 Colo. 274, 236 P.2d 286. In *Abeyta v. People,* 145 Colo. 173, 358 P.2d 12, we held it is the duty of the court to instruct the jury; that although we will ordinarily not consider the absence of instructions where none is tendered, or the use of instructions to which there are no objections, yet, they will be reviewed where the error is serious and prejudicial. We discuss some of the instructions for the purpose of demonstrating the confusion which resulted from the court submitting to the jury the form of verdict in this case.

In the first instruction the trial court quoted verbatim from the information upon which the defendant was charged, stating in the *conjunctive* the alternative meth-

ods by which an assault with a deadly weapon could be committed. Then in the second instruction the court quoted the applicable statute in which the offense is defined and thereby charged the jury in the *disjunctive*.

In instruction No. 6, the court instructed the jury on burden of proof as follows:

"The burden of proof is upon the people to prove *each and every material allegation* contained in the information, to your satisfaction beyond a reasonable doubt, and if you find from the evidence that the people have failed to so prove *any one* or *more of* the *material allegations* in the information, you will find the defendant not guilty. Upon the other hand, if you find from the evidence that *each and every material allegation* in the information has been proven beyond a reasonable doubt, you will find the defendant guilty." (Emphasis supplied.)

It appears from the record that the verdicts were prepared and printed in the identical language that was used in the information. The court, on its own motion, after the form of verdict had been settled upon and approved by counsel, struck a line through the word "and" and inserted in pen and ink the word "or." It then placed the initials "N H" thereon so that the printed verdict appeared as we now reproduce it:

"We, the Jury, find the defendant, Alex Hernandez, alias Alex Gamboa, Guilty of Assault with a deadly weapon with intent to commit upon the person of the prosecuting witness, Raymond Castro, a bodily injury,
                                                                  or N H
and that no considerable provocation appears, ~~and~~ the circumstances of the assault show an abandoned and malignant heart, as charged in the information herein."

When the jury retired to the jury room to consider the instructions of the court and the printed verdicts, the attorney for the defendant registered his objections to the amendment of the form of the verdict by inter-

lineation, asserting that such constituted prejudicial error. Whereupon, the court ruled:

"Let the record show that the instruction contained the disjunctive, whereas the printed or stock form of the verdict contained the conjunction. The discrepancy was pointed out to the Court before the verdicts were turned over to the jury and the Court, of its own motion — not the District Attorney's motion — made the change by interlineation. The District Attorney merely pointed out the discrepancy to the Court."

After the lapse of some time which the record does not reflect and during which the jury deliberated upon its verdict, the jury foreman sent the following inquiry to the Court:

"Judge Horan: The guilty verdict states in part 'and that no considerable provocation appears, etc.' Following this the word 'and' is crossed out and the word 'or' is substituted. Instruction No. 2 uses only the word 'or.' The jury can therefore disregard the matter of provocation if it chooses. Is this correct? (Signed) D. E. GOOD-HEART, Foreman. 2:20 p.m. 11/28/62."

The answer to the jury's inquiry given by the court was:

"Ladies and gentlemen of the jury:

"In answer to your query, please be advised that the conjunction 'and' in the verdict was stricken by the Court and the disjunctive 'or' was inserted therein in order to conform to the law. Instruction No. 2 followed the law as the law is written.

"As to the other question in your query, I am sorry to advise that under the law, I must refer you to the instructions as given to you.

(Signed)  NEIL HORAN
District Judge."

With the state of the record as above outlined, it becomes apparent that the instructions were contradictory and confusing.

■ This court has said that the charging of the de-

fendant in the conjunctive in those cases where the statute defines the crime as being capable of being committed in diverse ways, is proper. *Rowe v. People*, 26 Colo. 542, 59 Pac. 57, wherein it was held:

"* * * an information that charges in a single count that the defendant did all of the forbidden things, by employing the conjunction 'and' where the statute uses 'or,' is good, and is supported by proof that the defendant committed the offense in any of the ways specified."

However, from the verdict returned by the jury in the form prepared for it by the court, it was impossible for the jury to demonstrate in which of the two ways specified in the statute the jury found the crime to have been committed. The jury said, "* * * Guilty * * * *no* considerable provocation appears *OR* the circumstances of the assault show an abandoned and malignant heart, * * *." Query: Did they find the assault was without provocation even though they believed the circumstances were such as not to demonstrate an abandoned and malignant heart? Did they possibly find there *was* provocation; but guilt nevertheless because the circumstances showed an abandoned and malignant heart?

With the detailed prepared verdict it was not possible for the jury to find that there was considerable provocation or any provocation sufficient to justify the assault. The verdict said there was no considerable provocation before it was signed and was tantamount to a court direction against the defense theory of considerable provocation. The lumping of the alternatives in one form of verdict undoubtedly caused confusion in the minds of the jurors. It did not give the jury an opportunity of finding one or the other of the alternatives or both, and is, therefore, an erroneous form of verdict.

■■ The charge in the statute may be made in the disjunctive and the charge in the information may be made in the conjunctive, but the verdict should not be so lumped. Separate verdicts could have been submitted or else there should have been a general guilty verdict

30

given as a counterpart of the not guilty verdict, that is, "We, the Jury, find the defendant guilty *as charged in the information.*" (Emphasis supplied.) We said in *Cortez v. People,* 155 Colo. 317, 394 P.2d 346, that evidence of any of the alternative ways that a crime can be committed will support a general verdict.

Concerning the court's answer to the jury's inquiry, it directed them specifically to Instruction No. 2, stating that it constituted the law. This answer, by the court, gave that particular instruction undue and unwarranted emphasis and thereby tended to compound and intensify the already existing confusion. The final word to the jury was at total variance with the previous penultimate admonition of the court which read: "No single one of these instructions states all of the law applicable to this case, but all of these instructions must be taken, read and considered together as they are connected with and related to each other as a whole."

It was within the province of the jury as to what credence it chose to give the testimony of Hernandez, but it was error for the court to leave them with the impression that they could disregard the defense's theory of provocation. When the court attempted to resolve the jury's dilemma by referring them to the instructions already given, that was of no aid to them because there was no instruction on the matter of provocation, nor was there any instruction on what the jury could or could not consider as justification for the assault. The defendant was entitled to an instruction pertaining to the theory of his defense.

Instruction No. 5 was a definitive instruction and purported to define the material allegations of the complaint. The words "unlawfully" "wilfully" and "feloniously" were defined. The word "malicious," and the phrase "abandoned and malignant" were also defined. The phrase "no considerable provocation then and there appearing" was not defined or explained. In the case of *Goldblatt v. Chase,* 121 Colo. 355, 216 P.2d 435, involv-

ing the civil counterpart of the criminal charge, this court held it was error for the trial court not to instruct the jury as to the meaning of "a provocative or overt act of hostility" as used in another instruction. The absence of such an instruction in a criminal case is, a fortiori, much more serious.

Instruction No. 6 on burden of proof, was not prejudicial to the defendant, but because of its contribution to the confusion we comment on it. The instruction is a "stock" instruction, but it should not be given in this form in every criminal case.

█ In *Pettit v. People*, 24 Colo. 517 52 Pac. 676, we held that the method of charging the offense, whatever it is, in one count, as committed in all ways known to the law, is sustained by the authorities if it is coupled with a *direction to the jury* that they may find a verdict of guilty on being made satisfied of the truth of *so much* of the allegation as constitutes the offense. Instead of so directing in this case, the court instructed the jury that proof is required on *each* and every material allegation of the information. This instruction was erroneous and should not have been given because proof of either one or the other of the alternative ways in which the offense could be committed was all that was required.

## 2. THE EVIDENCE OF A PREVIOUS KNIFE ASSAULT

█ The district attorney asked the prosecuting witness Castro to describe what took place on the night of the assault. The question was: "Would you relate — just in your own words—Mr. Castro—what took place? Castro answered, "Well, it started about a year before the shooting—actually started. Him and some other men jumped me in some other night club—outside— and they gave me a pretty good beating. He pulled a knife but he didn't get me real good. That was a year before the actual shooting happened."

Counsel for the defendant objected, and in proceedings outside the presence of the jury, moved for a mis-

trial. The district attorney admitted to the court that the answer was unresponsive and as such "should be stricken." The court denied the motion for mistrial, but stated it would reserve final ruling until the close of all of the evidence. This testimony was inadmissible as a similar transaction to show intent, design or motive because of its remoteness. It was not ordered stricken; the jury was not instructed to disregard it. When the **motion for mistrial was renewed at the close of all of the evidence, the court again denied the motion.**

Not every volunteered statement which is unresponsive to a question is the basis for a mistrial. However, it was particularly prejudicial in this case because the jury, having this information, could have concluded that Hernandez came to the tavern with the design to shoot Castro with premeditation and deliberation and that the provocation furnished no excuse.

The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.