No. 22676.

ELIHUE HENSON *v.* THE PEOPLE OF THE STATE OF COLORADO.
(442 P.2d 406)

Decided June 24, 1968. Rehearing denied July 15, 1968.

STANLEY J. MYERS, for plaintiff in error.

178

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PAUL D. RUBNER, Assistant, GEORGE F. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE plaintiff in error, as the defendant, was convicted of forgery under C.R.S. 1963, 40-6-1. The testimony of the People was to the following effect: The check involved was one printed by the Elward Construction Company; it and other blank checks were stolen during a burglary of Elward Construction Company; the Company notified the drawee bank, Central Bank and Trust Company, of the theft; the check was made payable to the order of Ronald M. Borders, was purportedly signed by Mel Elward and was in the amount of $365; the defendant presented the check, together with an Indiana driver's license issued to Ronald M. Borders, to the teller at a drive-in window of the Bank in Denver; the teller refused to accept the check and immediately notified a policeman on duty at the Bank, who took the defendant into custody.

 Defendant complains of Instruction No. 10 given by the trial court. No objection was made to the giving of this instruction and the matter was not assigned as error in the motion for new trial. If there was any error in this, it was not of a serious and fundamental nature which prejudiced the defendant's right to a fair trial. Therefore, the defendant, first raising the matter here, is not entitled to have it considered as error. *Hernandez v. People*, 156 Colo. 23, 396 P.2d 952; *Abeyta v. People*, 145 Colo. 173, 358 P.2d 12.

 The defendant contends that we should take notice of alleged error of the trial court in permitting witnesses to testify that the check involved was one of those stolen when the offices of Elward Construction

Company had been forcibly entered three days prior to the time defendant attempted to cash the check. Mr. Elward, the owner of the Company, so testified without making mention of the defendant. The teller of the drive-up window testified that, in advance of the defendant's appearance, she had been informed that this check and other checks had been stolen. A detective-sergeant of the Denver Police Department testified, "The [defendant] was under arrest for possession of a check which was reported to us as being stolen from the Elward Construction Company." There was no objection to any of this testimony.

It would seem that introduction of evidence that the check was stolen during a burglary was necessary to an intelligible presentation of the case. While the facts are quite different in *Wooley v. People*, 148 Colo. 392, 367 P.2d 903, the rule of inseparability of other transactions there announced appears to be applicable here. In any event, we hold that the defendant by not objecting to the testimony waived his right now to challenge its admissibility. See *United States v. Rader*, 185 F. Supp. 224 (W.D.Ark.) and *State v. Clark*, 270 Minn. 538, 134 N.W.2d 857.

■ The defendant's remaining assignment of error relates to the following portion of the transcript of the trial when a Denver Police Department detective was testifying on the witness stand:

"Q. Would you please explain to the Court and to the jury the nature of this meeting?

"A. Mr. Henson was brought to the Burglary Detail to Sergeant Rell and our office is just down the hall from Sergeant Rell's office and I think I saw Mr. Henson and Sergeant Rell — the first time I saw him, knowing the circumstances in which he was brought to Police Headquarters and knowing that eventually he would be handled by my department, I went to Sergeant Rell's office to observe Mr. Henson.

"Q. Did you have occasion to talk to Mr. Henson at that time?

"A. Just briefly, because, as I say, he was under investigation of burglary at that time and was being questioned by the Burglary Detail, Sergeant Rell.

"MISS SCORE: I object to it as being prejudicial.

"THE COURT: The Court will sustain the objection. The Court will instruct the jury to disregard anything other than the charge that is solely before the Court, to wit, forgery and conspiracy to commit forgery. You understand that, please. Let's go ahead."

In sustaining the objection and instructing the jury to disregard this portion of the testimony, the trial court avoided any prejudice that may have accrued to the defendant.

The judgment is affirmed.

MR. JUSTICE HODGES not participating.