William L. Gobin, district Judge,*
delivered the opinion of the Court.
The plaintiff in error, herein referred to as defendant, was convicted of forgery by a jury. We find no error and, therefore, affirm.
Evidence at the trial disclosed that on November 10, 1967, a check made payable to a “Gil Clark” for $80 was cashed at a K-Mart store by a clerk who deals with many such customers each day. She had cashed checks previously for the man who presented the check, but did not remember his name. She let him read his car license number instead of looking at the license herself to substantiate his identification, and was surprised when he told her his name was “Gil Clark.” She mentioned her doubts about the transaction to her husband that night.
The check was found to be a forgery made on a check from a checkbook and using a check protector, both *16 stolen in a burglary of a restaurant where defendant had "recently made a TV repair.
About two weeks after the check was passed, a police officer showed the clerk pictures in the nature of police “mug shots” of the defendant, and she identified him as the man who passed the check. Two days later, when pictures of several men were shown her, she again identifed defendant as the man who passed the check. She maintained her identification of the defendant at the trial despite vigorous cross-examination which called attention to the fact that she dealt with many customers every day and the consequent difficulty in saying that defendant was the one who passed this particular check.
The check protector was found in the snow in a gorge off a mountain road near Colorado Springs by two police detectives. On rebuttal, a detective testified without objection that defendant’s wife was with them when the check protector was found.
Defendant produced testimony tending to establish an alibi and a handwriting expert who testified that the check was not in defendant’s handwriting. The People introduced expert testimony that it was in his handwriting.
I.
Defendant first contends he was denied due process when the police officer showed pictures of the defendant to the clerk for identification, because this procedure improperly suggested the identification of defendant and tainted all the clerk’s testimony linking defendant with the crime.
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, which involved a similar set of circumstances, the United States Supreme Court, after commenting on the possibility of misidentification in such cases, and the widespread use of such police procedure, not only to identify offenders, but also to clear suspects, stated:
“[W]e hold that each case must be considered on its own *17 facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.” (Emphasis added.)
The later identification of defendant from among photographs of several other men, the in-court identification under vigorous cross-examination, the fact of having seen defendant numerous times in the store before the check was passed, and the clerk’s statement at the time that there was something strange about the transaction, indicate that the procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification amounting to a denial of due process. McLean v. People, 172 Colo. 338, 473 P.2d 715.
II.
Defendant urges that error was committed in admission of evidence that defendant’s wife accompanied a detective on a trip during which the stolen check protector was found because it was immaterial and prejudicial.
During presentation of the People’s case, one of the detectives testified as to where the check protector was found without making any reference to any third party. In rebuttal testimony, the detective added that the defendant’s wife accompanied them to the site. While the People admitted in oral argument that this was not proper testimony on rebuttal, no objection was made to this statement, and defendant thereby waived any objections he might otherwise have had. Henson v. People, 166 Colo. 177, 442 P.2d 406; and Pena v. People, 147 Colo. 253, 363 P.2d 672.
III.
Defendant’s third contention is that the court erred in refusing his tendered instruction No. 1, which embodied only that part of. the forgery statute which states that *18 one who passes a false, altered, or forged check shall be guilty of the offense of forgery. Instead, the court gave an instruction containing much more of the language of C.R.S. 1963, 40-6-1:
“ ‘Every person who shall falsely make, alter, forge or counterfeit any check for the payment of money, or shall utter, publish or pass as true and genuine, or cause to be uttered, published or passed as true and genuine, any check for the payment of money knowing the same to be false, altered, forged or counterfeited, with intent to prejudice, damage or defraud any person, body politic or corporate, shall be deemed guilty of forgery.’ ” (Emphasis added.)
Defendant states that since there was only evidence that the defendant passed the check involved, the instruction given by the court tended to mislead the jury; and that the instruction left in doubt whether the defendant was found guilty of a matter upon which evidence was taken or upon a crime for which there was no evidence, or insufficient evidence, to convict.
When the totality of the circumstantial evidence presented is considered, we cannot agree with the contention of the defendant. Though issues upon which no evidence has been offered should not be submitted to the jury, there is a general rule that a statutory offense may be defined in the language of the statute. Hinton v. People, 169 Colo. 545, 458 P.2d 611; and Cahill v. People, 111 Colo. 29, 137 P.2d 673.
The language of the instruction is clear, unambiguous, and would not be such as to mislead the jury. There was nothing in the instruction to indicate the general rule should not apply. Even in cases where the inclusion verbatim of inapplicable subdivisions of statutes in instructions to the jury are said to be improper, the giving of such an instruction does not, in itself, constitute reversible error. Cahill v. People, supra.
Judgment affirmed.
Earl A. Wolvington, District Judge*, participating.
*19 Mr. Justice Hodges and Mr. Justice Lee not participating.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.