## No. 25269

**The People of the State of Colorado v. Robert David Pleasant**
(511 P.2d 488)

Decided June 25, 1973. Rehearing denied July 9, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of burglary and theft, and was also convicted of conspiracy without designation in the verdict of any substantive offense. The court did not impose separate sentences for the three convictions. Instead, it imposed one sentence of not less than three years nor more than seven years (with six months credit for the time spent in the county jail). We affirm the burglary and theft convictions, reverse the conspiracy conviction and remand for resentencing.

The testimony introduced by the People disclosed the following facts. At about 1:00 a.m. on August 27, 1970, two police officers observed a car parked in an alley. This car, with the right side door open, was filled with furs, rugs, hats, coats and various other items. The officers discovered that the back door of a nearby building had been knocked completely from its hinges and that the window above this entrance had been smashed. The defendant was seen standing inside the building. He started out the door and one of the

officers told him to "freeze." Instead the defendant ran and the second officer gave chase, apprehending him. As the defendant was about to be caught, he threw to the ground necklaces which had been stolen from the building.

In the meantime, the first officer apprehended another person inside the building.

I.

The defendant was charged with burglary, theft, and conspiracy to commit each of the two substantive offenses. The court submitted to the jury six forms of verdict. Three of these were verdicts of guilty for burglary, theft and conspiracy, and the other three were corresponding not guilty verdicts. The conspiracy verdict read as follows, "We, the Jury, find the defendant, ROBERT DAVID PLEASANT Guilty of CONSPIRACY."

 Since the conspiracy verdict failed to specify the crime which was the subject of the conspiracy, it is a nullity. The Attorney General argues that proper objection was not made to the form of the verdict. We notice it as a matter of plain error.

 We do not hold that a single sentence for more than one conviction constitutes reversible error. The preferable practice, however, is to have a separate sentence for each conviction. Since the present sentence is to be vacated, we direct that the court separately sentence for the remaining two convictions.

II.

In oral argument here the defendant's counsel asked that we reverse the convictions by reason of the following statement in the closing argument of the prosecutor:

"Ladies and gentlemen, you may not and you are instructed by this, by the law, to consider what other persons would have said had they been here. You may, however, consider that just as the People, the State has the subpoena power to bring in any witness that we feel will add to this case, the Defendant also has subpoena power and if these witnesses would have in any way helped Mr. Leidner's case, you can rest assured they would have been subpoenaed and placed on

the stand in his case, because that is his right.

"A man does not under this system have to stand by while other people present witnesses and be foreclosed the opportunity of presenting his own. Every accused has the opportunity to present any witness he wants."

The defendant's position is that this is a comment upon the defendant's failure to testify. It is apparent that the statement was provoked by the argument of defense counsel, who had referred several times to the failure of the district attorney to call subpoenaed witnesses. *See People v. Elliston,* 181 Colo. 118, 508 P.2d 379 (1973). Also, while the matter is mentioned in the defendant's motion for new trial, it was not mentioned in his brief to this court. Therefore, it was waived. C.A.R. 1(d). The prosecutor's statement does not reach the magnitude of plain error.

### III.

The defendant argues that his motion for a directed verdict of acquittal as to burglary should have been granted because there was insufficient evidence to indicate that he participated therein or possessed the requisite specific intent. We deem these arguments to be without merit.

The judgments of conviction for burglary and theft are affirmed; the conviction of conspiracy is reversed; the sentence is to be vacated; and the cause is remanded with directions that the conspiracy counts in the information be dismissed with prejudice and that the trial court re-sentence the defendant for the convictions of burglary and theft, such sentences to be concurrent and not in excess of the sentence already imposed.

MR.. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.