Joseph D. BALES, Jr.

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

Aug. 27, 1979.

</div>

Richard D. Crotteau, James R. Buckner, Chattanooga, for petitioner.

Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, William M. Leech, Jr., Atty. Gen., Nashville, of counsel, for respondent.

## OPINION

BROCK, Chief Justice.

We granted certiorari review in this criminal case to determine whether the Court of Criminal Appeals erred in holding that the trial court did not commit reversible error in its instructions to the jury respecting the weight, if any, to be given to evidence that the defendant was found in possession of property recently stolen from the burglarized premises.

The trial judge charged the jury as follows:

"The presumption from the recent possession of stolen property is that the person in possession is the thief, and, if unexplained either by direct evidence or by attending circumstances, it is taken as conclusive, for the general rule is that a presumption of guilt arises from the possession of the fruits of the crime recently after its commission."

The Court of Criminal Appeals agreed with the petitioner, Bales, that the quoted instruction was clearly erroneous and contrary to the decision of the Court in *Bush v. State,* Tenn., 541 S.W.2d 391, 397 (1976) in which we said:

"We think it is clearly implicit, if not explicit, from the entire opinion [in *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973)], that while the jury *may* find unexplained circumstances sufficient to invoke the inferred fact and support a conviction, it is not bound to accept the correctness of the inference. It follows that it is improper to instruct a jury that a presumption of guilt arises, that if unexplained, is conclusive . . . ." (Emphasis in original.)

Nevertheless, the Court of Criminal Appeals, Judge Daughtrey dissenting, concluded that the erroneous instruction was rendered harmless by two pages of additional instructions given by the trial judge upon this point.[1] It is clear to us, however, that these additional instructions failed to undo the damage done by the instruction above quoted which is a positive misstatement of the law. Not only do the additional instructions fail to clarify; in our opinion they must have served to further confuse and mislead the jury with respect to evidence that the defendant was in possession of recently stolen property. We conclude that the instructions of the judge upon this issue, taken as a whole, were, at the very least, contradictory and, thus, prejudicially erroneous. In our view, Judge Daughtrey in her dissenting opinion correctly assessed the instructions of the trial judge when she said:

"Nor, in my judgment, can the error be saved by the subsequent and lengthy quotations from the *Pruitt* [*v. State,* 3 Tenn. Cr.App. 256, 460 S.W.2d 385] opinion which the trial judge included in his charge. Such quotations from appellate opinions, especially from those parts of opinions meant to analyze applicable law and to elucidate reasons for appellate de-

---

**1.** See appendix to this opinion.

cisions, are inappropriate to jury instructions, and, indeed, the practice of using lengthy quotations has been disapproved. *Henderson v. State,* 539 S.W.2d 843, 847–49 (Tenn.Crim.App.1976). The language of appellate opinions, while helpful to the bench and bar in understanding the basis for a particular judicial ruling, can be most *un*helpful to the lay members of a jury. This case presents a classic example of why this is so. Here the trial judge told the jury that a conclusive presumption must be taken from the fact of unexplained possession of recently stolen property, stating that this is the 'general rule' of law. Then the judge informed the jury that there is another (impliedly minority) view that possession gives rise to a permissive inference only. But the trial judge never clarified the matter in his instructions and thus he virtually left the jury hanging on this point of law. At the conclusion of the charge, a reasonably intelligent and attentive juror might well have asked, 'Well, which is it, Judge, a presumption or an inference?'

"The juror's potential confusion is easy to understand in this situation. What the trial court laid down as the applicable rule of law concerning conclusive presumptions was incorrect. But what the judge said by way of qualification concerning prima facie presumptions and permissive inference was not only likely, but virtually certain to cause confusion in the juror's minds. Surely an instruction so palpably wrong and so potentially confusing, on an issue with such serious constitutional implications (including, indirectly at least, the defendant's right not to testify), deprives a criminal defendant of due process of law under the state and federal constitutions."

Our conclusion herein is not contrary to that reached in *Turner v. State,* Tenn., 541 S.W.2d 398 (1976). In the *Turner* case, the jury was instructed that possession of recently stolen property raised a presumption of guilt

" . . . which may be rebutted by direct evidence, attending circumstances, good character, or otherwise. . . .

It is for the jury to determine what weight is to be given such evidence." 541 S.W.2d at 401.

Thus, in *Turner,* we found that

" . . . the trial judge charged the inference in permissive terms—'may draw an inference' and 'but it is not bound to do so.'" *Ibid.* at 402.

In the case at bar there is no permissive language in the trial judge's initial charge. The only language indicating to the jury that the inference, incorrectly termed a "presumption," need not necessarily be conclusive is found in that portion of the charge in which the trial judge quoted from *Pruitt v. State,* Tenn.Crim.App., 3 Tenn.Cr. App. 256, 460 S.W.2d 385 (1970) but, as Judge Daughtrey pointed out in her dissent,

" . . . the discussion of inferences to be drawn from the fact of possession was posited in much less certain terms, the trial judge having indicated that the view expressed in *Pruitt* might be no more than the isolated position of an individual appellate judge."

This quotation from the *Pruitt* opinion does not, as did subsequent explanatory language in the charge in *Turner,* negate the trial judge's instruction that the "presumption" is *conclusive.* Nowhere in the instructions in the instant case do we find an explanation of the contradiction between the initial charge that the "presumption" is conclusive if the possession of stolen goods is unexplained and the subsequent quotation from *Pruitt* that

" ' . . . the possession of recently stolen goods gives rise to an inference that the possessor has stolen the goods, it is not ordinarily proof or prima facie evidence of burglary'." 460 S.W.2d at 392.

█ Finally, we must note our disapproval of the practice of some trial judges of employing lengthy quotations from the opinions of appellate courts in giving instructions to the jury. *See: Henderson v. State,* Tenn.Crim.App., 539 S.W.2d 843 (1976); *Cohen v. People,* 106 Colo. 245, 103 P.2d 479, 479–80 (1940); *Knight v. State,* 215 Miss. 251, 60 So.2d 638, 640 (1952).

Such opinions, because they are not intended to be quoted verbatim as instructions to a lay jury but to explain the factual and legal basis for the decision in a particular case, usually contain too much "legalese" and argument to be suitable as instructions to a jury.

The judgment of the Court of Criminal Appeals affirming the judgment of the trial court is reversed and the cause is remanded to the trial court for a new trial consistent with this opinion. Costs are taxed against the State.

FONES, COOPER, HENRY and HARBISON, JJ., concur.

### APPENDIX

"*Presumption or Inference of Guilt*: A more precise discussion of this by, at least, one of our appellate judges takes the position that an inference of guilt may be warranted rather than a presumption, and by way of explanation, says:

'A presumption and an inference are not the same thing. A presumption being a deduction which the law requires a trier to make; an inference is a deduction which the trier may or may not make according to his own conclusions. A presumption is mandatory; an inference is permissible.

A presumption is compulsory and cannot be disregarded by the jury.

While the possession of recently stolen goods gives rise to an inference that the possessor has stolen the goods, it is not ordinarily proof or prima facie evidence of burglary. There should be some evidence of guilty conduct besides the bare possession of the stolen property before the presumption of burglary is superadded to that of the larceny. However, such possession is evidence which may be considered with all the other circumstances of the case as bearing on the question whether the defendant committed the burglary, and there is authority that if the possession is unexplained it may support the conclusion of guilt of burglary. Moreover, when goods have been feloni-ously taken by means of burglary, and they are immediately or soon after found in the actual and exclusive possession of a person who gives a false account, or refuses to give any account, of the manner in which the goods came into his possession, proof of such possession and guilty conduct may sustain an inference not only that he stole the goods, but that he made use of the means by which access to them was obtained . . . ..

When such proof has been made, the defendant has the right to explain his possession in order to rebut the unfavorable inference arising therefrom, and if he fails to give a satisfactory account of his possession, the jury may treat his failure as a fact in proof of his participation in the offense.

Mere proof of possession of property recently stolen during the commission of a burglary does not raise a presumption of guilt as a matter of law. But in some jurisdictions proof of recent possession of the fruits of a burglary is regarded as presumptive or prima facie evidence of guilt of the burglary. In others it is not.

It has been said that the fact of possession is evidence of guilt upon which a conviction may properly be returned, unless other facts or circumstances in the case are such that notwithstanding the recent possession, the jury still entertains a reasonable doubt of the defendant's participation in the burglary, and it is in this sense that the words presumption or prima facied [sic] evidence must be understood when employed in this connection. Thus the term presumption of guilt must be understood as something which authorizes but does not require conviction. Even though it is said that proof of recent possession of property taken from the premises at the time of the burglary raises a presumption of the defendant's guilt, this seems only to mean that such possession, when established, is a fact from which the defendant's guilt may be inferred, and not that any burden of proof is thereby cast on the defendant. The inference is strong or weak according

to the character of the property, the nature of the possession, and its proximity to the time of the theft. In other words, proof of possession is a circumstance which should be left to the jury, with instructions to give it such weight as they think it entitled to, when considered in connection with all the other evidence, in determining the guilt or innocence of the defendant.

It has also been held that where a breaking, an entering, and a larceny have been committed at the same time by the same persons, and the property or a part of it is shortly thereafter found in the exclusive possession of the defendant, and such possession of the stolen goods is unexplained or falsely denied, this is sufficient to raise an inference that the defendant is guilty of the breaking and entering.

It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing.' ''