The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Phillip ZUNIGA, Defendant-Appellant.

No. 79CA0990.

Colorado Court of Appeals,
Div. III.

March 19, 1981.

Rehearing Denied April 23, 1981.

Certiorari Denied July 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Phillip Zuniga, convicted of possession of a dangerous drug with intent to dispense, § 12–22–404, C.R.S.1973 (1978 Repl. Vol. 5), appeals. We reverse.

On August 3, 1978, police executed a search warrant at defendant's residence and seized approximately 844 young marijuana plants. No other drug paraphernalia was discovered.

At trial, defendant tendered a jury instruction which defined the term "dispense" in statutory language, § 12–22–403, C.R.S.1973, and which was consistent with *Colo. J.I. (Crim.)* 5 (805). The People objected to defendant's instruction and, relying on *People v. Dinkel*, 189 Colo. 404, 541 P.2d 898 (1975) persuaded the court to add the emphasized phrase to the statutory definition:

> " 'Dispense' means sale, delivery, giving away, or supplying in any other manner or otherwise disposing of, to any person, *but also every other type of conduct related to the unauthorized traffic in drugs.*"

Defendant contends that the trial court erred in expanding his tendered instruction. We agree.

Trial courts should abstain from giving abstract statements of law or excerpts from court opinions, taken out of context, as instructions to the jury. *Gill v. People*, 139 Colo. 401, 339 P.2d 1000 (1959). *See also*

*Cohen v. People,* 106 Colo. 245, 103 P.2d 479 (1940). The language extracted from *Dinkel, supra,* while appropriate in the context of that case, left this jury without proper guidelines to determine the criminality of defendant's conduct. The expanded instruction is defective in that it allowed the jury to speculate as to the meaning of "unauthorized traffic in drugs" and as to what ·conduct might "relate" to such traffic. In tendering the instruction, the People stated that they wanted to expand the term "dispense" beyond its statutory definition to include the simple planting of marijuana seeds. Such an interpretation of the word "dispense" goes beyond the legislative intent manifested in § 12–22–403(6).

Defendant's other allegations of error are without merit.

The judgment is reversed, and the cause is remanded for a new trial.

SMITH and KIRSHBAUM, JJ., concur.