The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Luther Eric LEONARD, Defendant-Appellant.

No. 80CA0104.

Colorado Court of Appeals, Div. III.

Jan. 28, 1982.

Rehearing Denied Feb. 25, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, William H. Phelps, Sp. Asst. State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Luther Leonard, was charged by information with second degree burglary under § 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8), theft under § 18–4–401, C.R.S.1973 (1978 Repl. Vol. 8), and conspiracy to commit burglary and theft under § 18–2–201, C.R.S.1973 (1978 Repl. Vol. 8). Leonard was convicted of theft and conspiracy to commit burglary and theft but was acquit-
ted of burglary. He appeals those convictions. We affirm.

Leonard first argues that his conviction for conspiracy to commit burglary and theft was a nullity because the verdict form failed to designate a specific crime as the object of the conspiracy. We disagree.

The fact that Leonard was found guilty of theft and conspiracy to commit burglary and theft but was acquitted of burglary is not controlling. A single conspiracy may have more than one crime as its object. *See People v. Brown*, 185 Colo. 272, 523 P.2d 986 (1974); § 18–2–201(4), C.R.S.1973 (1978 Repl. Vol. 8). Moreover, one can be convicted of a conspiracy and not of the offense which is the object of the conspiracy, if the evidence, as here, implicates the defendant in a conspiracy separate and apart from the evidence offered to prove the substantive offense. *People v. Albers*, 196 Colo. 66, 582 P.2d 667 (1978).

Defendant argues, however, that *People v. Pleasant*, 182 Colo. 144, 511 P.2d 488 (1973), and *People v. Hoinville*, 191 Colo. 357, 553 P.2d 777 (1976), control here. In *Pleasant*, defendant was charged with burglary, theft, and conspiracy to commit each. The verdict form returned by the jury, however, recited that it found defendant guilty of conspiracy only. In *Hoinville*, both the jury instructions and the verdict form failed to specify the substantive crime alleged to be the object of the conspiracy. Here, however, the jury instructions and the verdict form stated that a conviction could only be returned if the jury found that defendant had conspired to commit both a burglary and a theft. Thus, in contrast to the lack of specificity in *Pleasant* and *Hoinville*, here, the crimes of theft and burglary were specified in the verdict form as the objects of the conspiracy. Consequently, the verdict was not void for uncertainty. *See People v. Goetz*, 41 Colo.App. 60, 582 P.2d 698 (1978).

Also, there is no merit to Leonard's contention that the trial court erred because the verdict form did not permit the jury to find either a conspiracy to commit

theft or a conspiracy to commit burglary or both. *Cf. Hernandez v. People*, 156 Colo. 23, 396 P.2d 952 (1964). Since the verdict form placed a more difficult burden on the prosecution and was to defendant's benefit, any error committed is not reversible. *See Early v. People*, 178 Colo. 167, 496 P.2d 1021 (1972); *Eachus v. People*, 124 Colo. 454, 238 P.2d 885 (1951), *appeal dismissed*, 342 U.S. 938, 72 S.Ct. 562, 96 L.Ed. 698 (1952).

■ Leonard next argues that the trial court erred by restricting the scope of his counsel's cross-examination of two prosecution witnesses because that restriction denied Leonard an opportunity to confront those witnesses to establish their motive, bias, or prejudice in testifying. We disagree.

The two witnesses' testimony on direct examination established that each was facing serious criminal charges which allowed the jury to evaluate their credibility, and it also showed that neither knew that he would be called as a witness in Leonard's case until after he had pled guilty. The trial court restricted on cross-examination only the particular testimony relating to the statutory range of sentencing for each witness. The reason for the restriction, stated by the trial court, was that the testimony about their sentences would lead to too many collateral inferences bringing before the jury the conclusion that Leonard faced the same possible sentence. Moreover, Leonard was otherwise able to cross-examine the witnesses as to the offenses to which they had pled guilty.

Under these circumstances, the trial court properly exercised its discretion in limiting cross-examination concerning the statutory range of the witnesses' sentences. *See People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976).

The judgment is affirmed.

SMITH and STERNBERG, JJ., concur.