The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Kirk C. HURD, Defendant-Appellant.

No. 82CA1473.

Colorado Court of Appeals, Div. III.

May 17, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Ernest Warren Jones, Denver, for defendant-appellant.

TURSI, Judge.

Kirk C. Hurd, defendant, was charged by information with first degree felony murder, second degree murder, first degree sexual assault, and mandatory sentence for violent crimes. Defendant was convicted by a jury of second degree murder, and sentenced to sixteen years imprisonment plus one year parole. On his appeal, we affirm.

I

Defendant contends that his right to a fair trial was prejudiced by the trial court's failure to provide him an opportunity to view certain evidence prior to the date of trial. Several days after defendant's arrest, he voluntarily consented to a videotaped interview with a Denver television station reporter. In the interview, defendant related events surrounding the murder for which he was charged.

Both defendant and the People served *subpoenas duces tecum* on the station in an effort to obtain the video tape. The station resisted the subpoenas, and filed motions to quash which implicated First Amendment considerations. The trial court ordered production of the video tape, which was viewed by the parties two days prior to the commencement of defendant's jury trial.

■ Contrary to defendant's assertions, the video tape was neither in the possession nor in the control of the People. Rather, the video tape was in the possession and control of the station. Therefore, this is-

sue falls under Crim.P. 17(c) and not under Crim.P. 16. The relevant portion of Crim.P. 17(c) provides that a trial court may direct production of materials either prior to trial or prior to the time they are to be offered into evidence. We perceive no prejudice to the defendant by the trial court's decision regarding the production of the subpoenaed video tape.

## II

Defendant next contends that prosecutorial misconduct during voir dire prejudiced his right to receive a fair trial. During voir dire, counsel for defendant told a prospective juror that first degree murder is the highest and most serious offense in Colorado. In response to the statement by defense counsel, the prosecutor told the same prospective juror that punishment was not a concern for the jury and that the death penalty was not in issue.

Defendant did not make a contemporaneous objection to the remarks of the prosecutor. Therefore, the issue of prosecutor misconduct will be judged pursuant to a plain error standard. Crim.P. 52(b); *People v. Constant*, 645 P.2d 843 (Colo. 1982).

Here, the prosecutor stated that the offense was not a capital one, but did not address the punishment to which defendant was subject. *See People v. Marioneaux*, 44 Colo.App. 213, 618 P.2d 678 (1980). Moreover, the prosecutor's remarks were prompted by defense counsel's earlier statement to the same prospective juror. We conclude this conduct did not rise to the level of plain error. *See People v. Pleasant*, 182 Colo. 144, 511 P.2d 488 (1973).

## III

Defendant argues that the trial court erred in refusing evidence regarding the victim's past sexual behavior. We disagree.

Section 18–3–407(1), C.R.S. (1978 Repl. Vol. 8) provides a statutory presumption of irrelevancy to a victim's prior or subsequent sexual conduct. The two exceptions to this presumption are evidence of the victim's sexual conduct with the defendant, and evidence showing that the act of sexual intercourse was not committed by the defendant. The evidence which was excluded by the trial court did not fit within either of these two categories in that it generally dealt with the alleged promiscuity of the victim. As to this evidence, defendant failed to make a preliminary showing of relevance sufficient to overcome the statutory presumption. *See People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978).

## IV

Defendant also argues that the trial court erred in failing to instruct the jury, *sua sponte*, regarding evidence of other crimes. Evidence that defendant was smoking "pot," although not elicited, was mentioned during testimony of one of the witnesses. Defendant neither objected, nor requested a cautionary instruction. In the absence of a request for a cautionary instruction, it is not plain error for the trial court to fail to issue one *sua sponte*. *People v. White*, 680 P.2d 1318 (Colo.App. 1984).

## V

Defendant also maintains that it was error to permit the impeachment of the co-defendant by eliciting evidence of a statement made to a third party, outside the presence of the defendant, which purported to repeat defendant's explanation of why he killed the victim. The evidence in question was defendant's statement as to the reason he shot the victim. This evidence was admitted during co-defendant's examination by the People in order to impeach his claim of a severe memory loss. However, the same evidence was admitted through the testimony of two other witnesses as an admission by a party opponent. *See* CRE 801(d)(2). Therefore, at best, any error in using this statement to impeach co-defendant is harmless. Crim.P. 52(a).

## VI

Finally, defendant contends that the trial court erred in imposing a sentence beyond the presumptive range. We disagree.

The presumptive range of sentences for second degree murder is eight to twelve years plus one year parole. Section 18–1–105(1)(a), C.R.S. (1983 Cum.Supp.). If the trial court finds extraordinary aggravating circumstances, the defendant may be sentenced to a term not to exceed twice the maximum permitted in the presumptive range. Section 18–1–105(6), C.R.S. (1983 Cum.Supp.). Here, in sentencing the defendant, the trial court considered all the factors provided in § 18–1–105(1)(b). In addition, the trial court considered the extraordinary aggravating factors of defendant's juvenile record, the danger he presents to society, and his chance for rehabilitation based on the depravity of the crime for which he was convicted. *See Flower v. People*, 658 P.2d 266 (Colo.1983). Thus, the trial court did not abuse its discretion in sentencing defendant to a term beyond the presumptive range.

Judgment of conviction affirmed.

VAN CISE and METZGER, JJ., concur.